IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

CHRISTINE ARAGON,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Christine Aragon is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Midland Credit Management, Inc. is a Kansas corporation operating from an address at 8875 Aero Drive, Suite 200, San Diego, California, 92123.

12. The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2008 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family and household purposes namely amounts due and owing on personal accounts owed to CitiBank and GE Money Bank (hereinafter the "Accounts").

19. The Accounts each constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Accounts went into default with CitiBank and GE Money Bank.

21. After the Accounts went into default the Accounts were placed or otherwise transferred to the Defendant for collection.

22. The Defendant is in the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

23. The Defendant then collects the accounts or hires other entities to collect the accounts.

24. The Defendant claims to have purchased the Accounts.

25. On information and belief the Defendant paid less than ten cents on the dollar for the Accounts.

26. The Accounts were placed or otherwise transferred to the Defendant for collection.

27. The Plaintiff disputes the Accounts.

28. The Plaintiff requests that the Defendant cease all further communication on the Accounts.

29. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

30. The Defendant acted at all times mentioned herein through its employee(s).

31. On February 10, 2011 the Plaintiff and one of the Defendant's female employees had a telephone conversation while the Defendant was attempting to collect the Accounts from the Plaintiff.

32. During the telephone call / conversation on February 10, 2011 between the Defendant's female employee and the Plaintiff the Defendant's female employee represented to the Plaintiff that the Defendant was collecting the Plaintiff's GE Money Bank / Walmart with an amount owed of $1,412.45.

33. During the telephone call / conversation on February 10, 2011 between the Plaintiff and the Defendant's female employee the Plaintiff stated that the Defendant had three accounts for her, two CitiBank accounts and a GE Money Bank account.

34. During the telephone call / conversation on February 10, 2011 between the Defendant's female employee and the Plaintiff the Defendant's female employee represented to the Plaintiff that the Defendant did have the Plaintiff's two CitiBank accounts and the Plaintiff's GE Money Bank account.

35. During the telephone call / conversation on February 10, 2011 between the Plaintiff and the Defendant's female employee the Plaintiff disputed all three of the Accounts.

36. During the telephone call / conversation on February 10, 2011 between the Plaintiff and the Defendant's female employee the Plaintiff stated: I'm disputing all three accounts with your company. I'm disputing both CitiBank accounts and the GE Money Bank account with your company.

37. During the telephone call / conversation on February 10, 2011 between the Defendant's female employee and the Plaintiff the Defendant's female employee represented to the Plaintiff that she had to give the reason that she is disputing the Accounts.

38. The Plaintiff disputed the Accounts with the Defendant in February 2011.

39. The Defendant was aware that the Accounts were disputed in February 2011.

40. Prior to April 2011 the Plaintiff disputed the Accounts with the Defendant.

41. Prior to April 2011 the Defendant was aware that the Accounts were disputed.

42. Prior to April 2011 the Defendant was informed that the Accounts were disputed.

43. Prior to April 2011 the Defendant was aware that in February 2011 the Plaintiff disputed the Accounts.

44. In April 2011 the Defendant communicated information regarding the Accounts to Equifax, a credit reporting agency.

45. In April 2011 the Defendant communicated the balances on the Accounts to Equifax.

46. In April 2011 the Defendant failed to communicate to Equifax that the Accounts were disputed.

47. In April 2011 the Defendant did not communicate to Equifax that the Accounts were disputed.

48. Prior to April 2011 the Defendant did not communicate to Equifax that the Accounts were disputed.

49. As of April 26, 2011 the Defendant did not communicate to Equifax that the Accounts were disputed.

50. The Defendant's purpose for communicating the information on the Accounts to Equifax was to attempt to collect the Accounts.

51. The information communicated to Equifax by the Defendant in April 2011 on the Accounts conveyed information regarding the Accounts directly or indirectly to Equifax.

52. The information communicated to Equifax by the Defendant in April 2011 on the Accounts constituted a "communication" as defined by FDCPA § 1692a(2).

53. The only reason that the Defendant communicated the information regarding the Accounts in April 2011 to Equifax was to attempt to collect the Accounts.

54. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

55. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

56. Upon information and belief in 2011 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

57. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

58. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

59. Upon information and belief in 2011 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

60. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

61. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

62. Upon information and belief in 2011 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

63. Upon information and belief the Defendant was the Plaintiff in over 1000 cases filed in the State of Colorado Court system in 2010 while attempting to collect debts from individuals residing in the state of Colorado.

64. Upon information and belief the Defendant was the Plaintiff in over 300 cases filed in the State of Colorado Court system in 2011 while attempting to collect debts from individuals residing in the state of Colorado.

65. Upon information and belief the Defendant has notes and/or computer records in its possession, custody or control that reflect what information the Defendant sent to Equifax in April 2011 on the Accounts.

66. Upon information and belief the Defendant has notes and/or computer records in its possession, custody or control that reflect what information the Defendant sent to Equifax prior to April 2011 on the Accounts.

67. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts made telephone call(s) to the Plaintiff and had telephone conversation(s) with the Plaintiff.

68. In the year prior to the filing of the instant action the Plaintiff called the Defendant regarding the Accounts.

69. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or employee(s) of the Defendant in the year prior to the filing of the instant action each individually conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

70. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or employee(s) of the Defendant in the year prior to the filing of the instant action each individually constituted a "communication" as defined by FDCPA § 1692a(2).

71. The telephone call / conversation on February 10, 2011 between the Plaintiff and the Defendant and / or female employee of the Defendant conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

72. The telephone call / conversation on February 10, 2011 between the Plaintiff and the Defendant and / or female employee of the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

73. On information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone call / conversation between the Plaintiff and the Defendant and / or female employee of the Defendant on February 10, 2011.

9

74. On information and belief the Defendant has a copy or copies of the audio recording and/or audio recording(s) of the telephone call / conversation between the Plaintiff and the Defendant and / or female employee of the Defendant on February 10, 2011.

75. On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

76. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

77. On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

78. On information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

79. On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

80. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

81. The Defendant's statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

82. As a consequence of the Defendant's action(s), the Plaintiff has sustained actual damages.

## COUNT I, FDCPA VIOLATION

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. The act(s) and statement(s) of the Defendant constitute a violation of the FDCPA, including but not limited to § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

85. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff